IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-657-FDW
(3:10-cr-235-FDW-1)

| | |
|---|---|
| BRIAN KEITH ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set aside or Correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

I. BACKGROUND

On March 19, 2010, Petitioner was the driver and sole occupant of a white Honda Prelude when he was stopped by the Charlotte Mecklenburg Police Department (CMPD) for failure to activate the car's headlights while driving at night. After the car was stopped, the officers approached the vehicle and observed Petitioner removing an item from his shirt and then placing it on the floorboard of his vehicle. Officers ordered Petitioner to exit the car but he refused and began questioning why he was being detained. Petitioner then tried to drive away from the scene, but the officers were able to subdue him and remove him from the vehicle whereupon the officers observed a sawed-off shotgun on the floorboard of Petitioner's vehicle. The shotgun was later determined to be a twelve-gauge model manufactured by Remington

1

Arms Company, Inc. which had a barrel length of 13 and a half inches.[1]

Following his arrest by CMPD officers, Petitioner was indicted in this District on one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and § 924(e) (Count One), and one count of possession of a shotgun which (1) was not registered to him in the National Firearms Registration and Transfer Record, and (2) had an overall length of less than 26 inches and a barrel of less than 18 inches in length, all in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. (Count Two). (3:10-cr-235, Doc. No. 1: Indictment).

Defense counsel filed a motion to suppress evidence of the shotgun contending that the discovery of the shotgun occurred only after the CMPD officers conducted an unlawful search in violation of the Petitioner's Fourth Amendment rights. The motion to suppress was denied following a hearing before the undersigned and Petitioner entered into a conditional plea agreement wherein he agreed to plead guilty to Count Two of his Bill of Indictment in exchange for the Government's agreement to dismiss Count One, and Petitioner reserved his right to appeal the denial of the motion to suppress. (Id., Doc. No. 12: Plea Agreement).

On March 16, 2011, Petitioner appeared with counsel before U.S. Magistrate Judge David S. Cayer and he was placed under oath. The Government explained in open court that Count Two charged Petitioner with possession of an unregistered firearm that had a shortened barrel and that the conviction carried a maximum term of 10-years' imprisonment. Petitioner averred that he had reviewed the indictment with his attorney and that he fully understood the conduct charged in Count Two and the maximum penalty he faced upon conviction. Petitioner also averred that he and his attorney had discussed how the Sentencing Guidelines applied to his

---

[1] Petitioner stipulated during his sentencing hearing that the offense conduct detailed in his presentence report (PSR) could serve as the factual basis for his guilty plea. (3:10-cr-235, Doc. No. 35: Revised PSR ¶¶ 5-8).

case and he admitted that he understood that he could receive a sentence that was greater than or less than the sentence recommended by the Guidelines. Petitioner acknowledged that he understood the terms of the plea agreement and agreed with those terms and that there were no other representations or understandings made by anyone regarding Petitioner's guilty plea except for those representations contained in the plea agreement. Petitioner confirmed that no one had forced, threatened or intimidated him into entering a guilty plea; that he was satisfied with services of his attorney; that he understood all parts of the Rule 11 hearing and he still wished to plead guilty and he admitted that he was in fact guilty of the conduct charged in Count Two. Based on these sworn representations, the court found that Petitioner's plea was knowing and voluntary and the plea was accepted and recorded. (Id., Doc. No. 13: Acceptance and Entry of Guilty Plea; Doc. No. 25: Tr. of Rule 11 Hearing).

On October 26, 2011, the Clerk docketed a letter from Petitioner in which he challenged his guilty plea to Count Two. Specifically, Petitioner argued that he was "forced" to plead guilty to Count Two even though the shotgun was not actually illegal because it could not be fired and the CMPD officers tampered with the weapon in an effort to support the gun charge. (Id., Doc. No. 20: Pro Se Letter Motion). Petitioner's motion was denied without a hearing because Petitioner was represented by D. Baker McIntyre, III, who was later allowed to withdraw after Petitioner complained, without explanation, that he was being denied effective assistance of counsel. Attorney Julia Mims was appointed to represent Petitioner.

On June 29, 2012, Ms. Mims filed a motion to withdraw Petitioner's guilty plea arguing that the plea was not knowingly made because "there were factors unknown to him at the time he entered his plea of guilty which, if known, would have affected his decision to enter said plea."

3

(Id., Doc. No. 37: Motion to Withdraw Guilty Plea and Request for Hearing). Petitioner later withdrew his motion to set aside his guilty plea in open court immediately prior to his sentencing hearing. Petitioner's counsel explained that she and Petitioner had discussed the issue of whether to withdraw the motion several times and Petitioner had at last decided that he wished to withdraw his challenge to his guilty plea.

Prior to Petitioner's sentencing hearing, a presentence report was prepared and served on the parties. The probation officer assigned Petitioner an adjusted offense level of 26 because the shotgun was not registered and Petitioner possessed the shotgun after having been convicted of two crimes of violence: Common Law Robbery and Robbery with a Dangerous Weapon. (Id., Doc. No. 35: PSR ¶ 13). The probation officer also concluded that these two crimes of violence qualified Petitioner as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) because possession of the shotgun was itself a crime of violence. (Id. ¶ 19).[2] Petitioner's offense level as a career offender was 24, therefore the higher adjusted offense level of 26 was found to apply to the calculation of his Guidelines range.[3] After applying a three-level reduction for acceptance of responsibility, Petitioner was found to have a criminal history category of Level VI as a career offender and his Guidelines range was 92 to 115-months'

---

[2] Under the Guidelines,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (2011).

[3] Petitioner initially objected to his career offender designation but later withdrew the objection after acknowledging that the Guidelines clearly categorized possession of a firearm, as defined by § 5845(a) (Count Two), as a crime of violence. See USSG § 4B1.2, App. n.1 (2011).

imprisonment. (Id. ¶ 52).

On November 27, 2012, Petitioner's sentencing hearing commenced with a review of the Rule 11 proceedings. Petitioner confirmed that he was under oath during the plea hearing and that each of the answers he provided during the hearing were true and correct and that he would answer those questions the same way if they were posed during his sentencing hearing. Petitioner also acknowledged that he signed the Acceptance and Entry of Plea form after he reviewed the form and verified that his answers to each of the questions were accurate. The Court noted that Ms. Mims did not represent Petitioner during the Rule 11 hearing and Ms. Mims explained that she had reviewed the transcript of the hearing and the Acceptance and Entry of Guilty plea form with Petitioner and she was confident that he fully understood the Rule 11 proceedings. When questioned regarding his culpability, Petitioner affirmed that he was pleading guilty to Count Two because he was in fact guilty of the charged conduct. After considering Petitioner's representations during sentencing, and the evidence presented in connection with the Rule 11 hearing, the Court reaffirmed acceptance of Petitioner's guilty plea after finding that the plea was knowingly and voluntarily entered.[4]

Upon consideration of the evidence in the presentence report, the Court found that Petitioner qualified as a career offender and Petitioner was sentenced at the low-end of the Guidelines to a term of 92-months' imprisonment and although he reserved his right to appeal the denial of his motion to suppress, he declined to do so. This collateral proceeding follows and Petitioner's contentions will be addressed below.

---

[4] At sentencing, the Government explained that the shotgun was in fair operating condition and that it was a single barrel, pump-action gun that could hold up to five shells at a time.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Ground One

Petitioner first contends that his initial counsel, Mr. McIntyre, provided him with erroneous advice in an effort to induce him to plead guilty by informing him that he would not be sentenced as a career offender because this designation would "be removed" from his written plea agreement. (3:13-cv-657, Doc. No. 3: Petitioner's Mem. at 3). Petitioner explains that he only learned that he may be sentenced as a career offender during his first sentencing hearing.[5] This contention is belied by the record which includes Petitioner's sworn statements during his Rule 11 hearing and his representations to the Court during his sentencing hearing.

During the Rule 11 hearing, the Government clearly noted that by entering into the

---
[5] The first sentencing hearing was continued after Mr. McIntyre was allowed to withdraw based on Petitioner's request for new counsel.

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Ground One

Petitioner first contends that his initial counsel, Mr. McIntyre, provided him with erroneous advice in an effort to induce him to plead guilty by informing him that he would not be sentenced as a career offender because this designation would "be removed" from his written plea agreement. (3:13-cv-657, Doc. No. 3: Petitioner's Mem. at 3). Petitioner explains that he only learned that he may be sentenced as a career offender during his first sentencing hearing.[5] This contention is belied by the record which includes Petitioner's sworn statements during his Rule 11 hearing and his representations to the Court during his sentencing hearing.

During the Rule 11 hearing, the Government clearly noted that by entering into the

---
[5] The first sentencing hearing was continued after Mr. McIntyre was allowed to withdraw based on Petitioner's request for new counsel.

conditional plea agreement, Petitioner was waiving his ability to contest the issue of whether he qualified as a career offender thus Petitioner was plainly on notice that the career offender designation could apply and that the Government believed he qualified as a career offender. The Government also focused particular attention on the issue of the application of the career offender designation at Petitioner's sentencing. Moreover, while under oath in his plea colloquy, Petitioner averred that no one had promised him anything other than the promises which were contained in his plea agreement, and in the plea hearing, the Government summarized the essential terms of Petitioner's plea agreement and Petitioner acknowledged that he understood and agreed with each of the terms in his plea agreement. Importantly, an agreement that the career offender designation would not apply was not among those terms included in the plea agreement. Finally, by withdrawing his motion to set aside his guilty plea, Petitioner expressly decided to accept his plea of guilty and this withdrawal of the motion occurred well after Petitioner had reviewed his presentence report which found that he qualified as a career offender.

A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court has already found, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted and his decision to enter into the plea agreement and plead guilty, in exchange for valuable concessions by the Government, was knowing and voluntary. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Put simply, Petitioner is unable satisfy his burden of demonstrating ineffective assistance of counsel on this claim and it will be denied.

2. Ground Two

Petitioner next argues that Mr. McIntyre was ineffective because he provided him with erroneous advice regarding the "mens rea" element of the § 5861(d) charge. (3:13-cv-657, Doc. No. 3 at 5). Count Two charges that Petitioner knowingly possessed a shotgun that had an overall length of less than 26 inches and a barrel of less than 18 inches and that the shotgun was not registered in the National Firearms Registration and Transfer Record. (3:10-cr-235, Doc. No. 1: Indictment). The Government explained the elements of Count Two during his Rule 11 hearing and Petitioner averred that he had discussed the charge with his attorney and that he understood the elements of the charge and he confirmed this fact during his sentencing hearing. Petitioner explained during sentencing that he did in fact possess the shotgun but that he had no criminal intent, however criminal intent is not an element of a § 5861(d) offense.

For the reasons previously stated, the Court finds that Petitioner is bound by his sworn statements during his Rule 11 hearing and his representations to the Court during sentencing that he understood the elements of Count Two and that he was in fact guilty of the charged conduct.

3. Grounds Three and Four

Petitioner presents yet another challenge to the knowing and voluntary nature of his guilty plea and again contends that the elements of Count Two were not explained to him by Mr. McIntyre and that "Petitioner was under the 'auspice' that the career offender designation was not applicable." (Id. at 7-8). As noted, Petitioner had an opportunity to challenge his guilty plea prior to his sentencing hearing but he voluntarily withdrew his motion to set aside the plea after

9

multiple conversations with his new counsel, Ms. Sims. It follows then that Petitioner cannot demonstrate that but for Mr. McIntyre's allegedly erroneous advice he would have pleaded not guilty and insisted on going to trial. Indeed, the record shows that the Government believed the career offender designation should apply, as evidenced by this declaration during the Rule 11 hearing when Petitioner's waiver of appellate rights was discussed, therefore Petitioner was actually on notice that he could be sentenced as a career offender.

        4.        Grounds Five and Six

In his final claim of ineffective assistance of counsel, Petitioner asserts that Ms. Mims rendered ineffective assistance of counsel by failing to challenge his prior criminal convictions at sentencing and failing to prepare for the sentencing hearing. (Id. at 8-9). While it is true that his counsel did not object to his prior criminal history, this is of no moment because there is simply no evidence that the convictions detailed in the presentence report are called into question. Moreover, Petitioner does not claim that he is actually innocent of any of the convictions that are identified in his presentence report and he offers no reasoned argument that points to any inadequate preparation by Ms. Sims.

        5.        Ground Seven

In this last claim, Petitioner raises a claim of prosecutorial misconduct based on his contention that the Government breached the plea agreement by arguing that he qualified as a career offender. (Id. at 11-12).

In order to state a claim for prosecutorial misconduct, a petitioner must show that the prosecutor's conduct was improper, and that the conduct caused substantial prejudice and deprived him of the right to a fair trial. See United States v. Golding, 168 F.3d 700, 702 (4th Cir.

1999). In the present context, Petitioner has the burden of proving that (1) there was actually an agreement with the Government that the career offender designation would not apply, and (2) that this agreement should have been included in his written plea agreement. As has been discussed at length herein, in his Rule 11 hearing Petitioner declared under penalty of perjury that he understood the terms of his plea agreement and that he agreed with those terms and glaringly absent from the plea agreement is any mention of an agreement regarding his status as a career offender. Because Petitioner's self-serving statements in this collateral proceeding are blatantly at odds with the record in his criminal proceeding, Petitioner's claim will be denied.

      B.      Motion to Amend

Petitioner moves to amend his § 2255 motion to include eight (8) additional issues which largely raise claims of ineffective assistance of counsel. (3:13-cv-657, Doc. No. 4). Petitioner's judgment was filed on January 11, 2013, and he did not appeal. (3:10-cr-235, Doc. No. 39: Judgment). Petitioner had one year from the date his judgment became final to file his § 2255 motion, and he filed his § 2255 motion in November 2013, and it is therefore timely. See 28 U.S.C. § 2255(f)(1) (providing that a § 2255 motion must be filed within one year from the date the judgment becomes final).[6] However, Petitioner's motion to amend was not filed until August 6, 2014, which is the date he avers that he placed the motion in the prison mailing system, therefore his motion to amend should be dismissed as untimely unless his claims relate back to those claims which are presented in his initial motion. See United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000) (internal citations omitted).[7]

---

[6] Petitioner cannot fairly contend that any of the remaining three provisions of § 2255(f) apply in his case.
[7] See Houston v. Lack, 487 U.S. 266, 276 (1988) (motion deemed filed when petitioner avers that he placed it in the prison mailing system).

11

After examining Petitioner's proposed amended claims, the Court finds that Claims 1, 2, and 5 relate back to the § 2255 motion there his motion to amend will be granted in part.[8] (3:13-cv-657, Doc. No. 4).

The remaining five (5) claims do not relate back to any of the claims that Petitioner presented in his § 2255 motion therefore they will be dismissed as untimely.[9]

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion to amend his § 2255 motion is **GRANTED in part** and **DENIED in part**. (Doc. No. 4).

2. Petitioner's motion to grant his § 2255 motion is **DENIED**. (Doc. No. 5).

3. Petitioner's § 2255 motion is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[8] Through these claims Petitioner again contends that he was not informed of the "mens rea" element of Count Two and that his plea was not knowing and voluntary. As has been established herein, Petitioner's sworn statements belie his claim that he did not understand each and every element of Count Two and these claims will therefore be denied.
[9] In any event, Petitioner's belated claims are without merit as each claim is an effort to challenge the knowing and voluntary nature of his guilty plea.

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge