IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-657-FDW
(3:10-cr-235-FDW-1)

| | |
|---|---|
| BRIAN KEITH ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to extend his time to file a response to this Court's order dismissing his § 2255 motion for failure to state any meritorious claims for relief, (Doc. No. 8), and his motion for reconsideration of the order dismissing his § 2255 motion. (Doc. No. 9).

A. Motion for extension of time

On May 29, 2015, this Court entered an order dismissing Petitioner's § 2255 motion and the Clerk entered judgment that same day. In his motion for extension of time, Petitioner contends that the Court should enlarge the 28-day time period "pursuant to Fed. R. Civ. P. 6(b)." (Id., Doc. No. 8 at 1). Presumably, Petitioner is referring to the 28-day window in which he may file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e); however Rule 6(b)(2) is clear that a "court must not extend the time to act under" Rule 59(e). As Petitioner's motion for extension of time was plainly filed outside of the 28-day time period applicable to a motion under Rule 59(e), his motion will be denied.

1

B. Motion for reconsideration

Petitioner has also filed a motion for reconsideration which the Court will consider under the provisions of Rule 60(b) which provides, in relevant part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner's motion for reconsideration was timely filed under the provisions of Rule 60(c). However, the motion will be denied because it is without merit.

Petitioner pled guilty pursuant to a written plea agreement to the crime of possession of an unregistered firearm which had an overall length of less than 26 inches and a barrel length of less than 18 inches, all in violation of 26 U.S.C. §§ 5861(d) and 5871. In exchange for Petitioner's guilty plea, the Government agreed to dismiss one count of possession of a firearm by a convicted felon, in violation 18 U.S.C. § 922(g). Each of the charged offenses carried a statutory maximum term of 10 years in prison.

The U.S. Probation Office prepared a presentence report ("PSR") and found that Petitioner qualified as a career offender because his instant conviction was a crime of violence and because he had prior convictions for common law robbery, for which he was sentenced to a term of 16 to 20 months' imprisonment, and robbery with a dangerous weapon, for which he was sentenced to a term of 103 to 133-months' imprisonment. Petitioner was sentenced to a term of 92-months' imprisonment and he did not appeal.

In his § 2255 motion, Petitioner raised various claims of ineffective assistance of counsel, including a claim that his guilty plea was not knowing and voluntary because his counsel erroneously advised him that he would not be designated as a career offender. The Court found that this argument was without merit after noting that the Government placed Petitioner on notice during his Rule 11 hearing that the career offender designation could apply, and indeed, that the Government believed that it would apply. (3:13-cv-00657, Doc. No. 6: Order at 7-8).

Petitioner contends in his motion for reconsideration that he should be entitled to relief from his sentence based on the Supreme Court's recent opinion in Johnson v. United States, 576 U.S. ___, 2015 WL 2473450 (June 26, 2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague as it applied to a finding that the possession of a short-barreled shotgun qualified as a "violent felony" under the ACCA. Petitioner's motion for reconsideration will be denied for three reasons.

First, Petitioner did not file a direct appeal from his judgment. Therefore he has procedurally defaulted this claim in a collateral proceeding. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Mabrey v. Johnson, 467 U.S. 504, 508 (1984)). Petitioner

could very well have raised the issue of whether the possession of the short-barreled shotgun at issue was a crime of violence, notwithstanding the waiver clause in his plea agreement which the Government may have elected not to enforce, but he declined to do so and he has failed to demonstrate "cause" or "prejudice" to excuse this default. Id. at 622 (internal citations omitted).

Secondly, Petitioner's challenges to his guilty plea in his § 2255 motion failed after the Court noted that Petitioner averred that he understood and agreed with the terms of his plea agreement which included the waiver of his ability to collaterally challenge his conviction or sentence.

Finally, Petitioner's challenge to his designation as a career offender is a challenge to the application of the Unites States Sentencings Guidelines, and the Fourth Circuit has repeatedly held that "misapplication of the sentencing guidelines does not amount to a miscarriage of justice." United States v. Foote, 784 F.3d 931, 939 (4th Cir.), cert. denied, __ S. Ct. __, 2015 WL 2338980 (June 15, 2015) (quoting United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999); see also United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); Foote, supra at 940 (finding erroneous career offender designation "was not a fundamental defect that inherently results in a complete miscarriage of justice.").

Based on the foregoing, the Court finds that Petitioner's motion for reconsideration should be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion for extension of time is **DENIED**. (Doc. No. 8).
2. Petitioner's motion for reconsideration is **DENIED**. (Doc. No. 9).

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: July 15, 2015

Frank D. Whitney
Chief United States District Judge